CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
APR 20 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DALE E. EARLY, | ) | CASE NO. 5:11CV00091 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's August 27, 2009 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision issued on June 24, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff meets the insured status requirements through December 31, 2014. (R. 14.) The Law Judge further found that, although plaintiff had worked since his alleged disability onset date of July 17, 2009, the activity did not rise to the level of substantial gainful activity. (*Id.*)

The Law Judge determined that plaintiff suffered the following severe impairments: obesity[1], hypertensive vascular disease with a pacemaker in 1996, diabetes, and chronic pulmonary insufficiency. (*Id.*) He concluded that the plaintiff did not suffer an impairment or combination of impairments that met or medically equaled any listed impairment. (R. 22.) The Law Judge found that plaintiff retained the residual functional capacity ("RFC") to perform unskilled routine sedentary work[2]. (R. 24.) The Law Judge then concluded that this RFC did not preclude plaintiff from performing his past relevant work as a scale clerk. (R. 28.) Thus, he ultimately determined that the plaintiff was not disabled under the Act. (*Id.*)

Plaintiff appealed the Law Judge's June 24, 2011 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the plaintiff. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). However, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

---

[1] At his March 31, 2011 hearing, plaintiff testified that he was 5'9" tall and weighed 247 pounds. (R. 39.)
[2] "Sedentary work" involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a).

2

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred in finding that he retained the RFC to perform his past relevant work. (Pl's Brief, p. 3-4.) Specifically, plaintiff contends that the Law Judge's finding that he retained the RFC to perform only unskilled work does not support a finding that he could return to his past relevant work as a scale clerk, a semi-skilled position. (Pl's Brief, p. 4.) The undersigned agrees.

As noted above, the Law Judge found that plaintiff's RFC limited him to unskilled work. (R. 24.) "Unskilled work" is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). At the next step in the sequential evaluation, the Law Judge found that plaintiff could return to his past relevant work as a scale clerk. (R. 28.) The vocational expert ("VE") testified that plaintiff's job as a scale clerk was semi-skilled. (R. 59.) The regulations define "semi-skilled work" as: "work which needs some skilled but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work. A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." 20 C.F.R. § 404.1568(b). If plaintiff was limited to unskilled work, as the Law Judge determined, then it would follow that he would not be able to perform jobs in any level above that, including his semi-skilled past relevant work. Therefore, the Law Judge's finding that plaintiff could perform his past relevant work is not supported by substantial evidence.

3

Having found that the Law Judge's decision is not supported by substantial evidence, the undersigned concludes that there is good cause to remand the case to the Commissioner to address the final question in the sequential inquiry, namely whether there is alternate gainful activity available to a person with plaintiff's maladies and their vocational effects. Accordingly, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING this case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _/s/_____
U.S. Magistrate Judge

4/20/2012
Date

4

Case 5:11-cv-00091-MFU-BWC  Document 16  Filed 04/20/12  Page 4 of 4  Pageid#: 631